UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DWIGHT ANDREWS, #187553,**

    **Plaintiff,**

v.                                                                                                   **Case No. 2:07-CV-14430**
                                                                                      **Honorable Anna Diggs Taylor**
                                                                                      **Magistrate Judge R. Steven Whalen**

**MS. CARLISLE,**

    **Defendant**.
_____/

## OPINION AND ORDER SUMMARILY
## DISMISSING PLAINTIFF'S COMPLAINT

### I. INTRODUCTION

Plaintiff filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that he was deprived of the right to represent himself when he was not allowed access to his legal materials and other property relative to his case. Plaintiff further asserted that as a result of Defendant's conduct, he was prevented from filing timely appeals in his case. Plaintiff also filed a motion to proceed without prepayment of the filing fee, which was granted on November 29, 2007. See 28 U.S.C. § 1915(a)(1). On December 4, 2007, this Court issued an order requiring Plaintiff to show cause why his complaint should not be dismissed pursuant to the "three strikes" provision set forth under 28 U.S.C. §1915(g).[1] Plaintiff filed a response to the Court's show cause order on December

---

[1] Section 1915(g) provides, in pertinent part:

"In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this subsection if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g).

19, 2007.

## II. DISCUSSION

Under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), the Court may dismiss a case if, on three or more previous occasions, a federal court has dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. 28 U.S.C. § 1915(g). The Court's database reveals that Plaintiff has filed at least three prior cases in the United States District Courts for the Eastern and Western Districts of Michigan, which appear to have been dismissed with prejudice under one or more of the parameters set forth under 28 U.S.C. §1915(g).[2]

Within Plaintiff's responsive pleading to this Court's "Order to Show Cause," Plaintiff completely fails to address this issue, but instead argues the substance of his claim. A plaintiff may maintain a civil action despite having had three or more civil actions dismissed pursuant to 28 U.S.C. §1915(g) if the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. §1915(g). To establish that his complaint falls within the statutory exception to the three strikes rule, Plaintiff must have alleged that he was under imminent danger at the time that he sought to file his complaint and proceed *in forma pauperis*. *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir.1998) (plaintiff sufficiently alleged imminent danger of serious physical injury where he claimed that he was placed near inmates on his enemy list and subject to ongoing danger); *Banos v. O'Guin*, 144 F.3d 883, 885

---

[2]Case No: 90-CV-00052 (dismissed as frivolous); Case No: 92-CV-00339 (dismissed as frivolous); Case No: 95-CV-72230 (subject to dismissal and/or summary judgment); and Case No: 02-CV-72895 (dismissed as frivolous).

(5th Cir.1998) (past body cavity searches failed to establish imminent danger of serious physical injury); *Luedtke v. Bertrand*, 32 F.Supp.2d 1074, 1077 (E.D.Wis.1999) (allegation of past physical injury is insufficient to meet statutory exception).

In this case, Plaintiff fails to allege that he is under "imminent" danger of future harm, but rather generally states that he is being injured as a result of Defendant's actions and that his constitutional rights are being violated. Plaintiff makes no allegations of any specific ongoing physical threats or attacks which would translate into an "imminent danger" set of circumstances. Therefore, Plaintiff's complaint is subject to dismissal under the "three strikes" provision of 28 U.S.C. §1915(g).

### III. CONCLUSION

The Plaintiff in this case has filed at least three civil rights complaints with this Court which have been dismissed because the complaints were frivolous or malicious or failed to state a claim upon which relief may be granted; and Plaintiff has failed to demonstrate that this case falls within the "imminent danger" exception to §1915(g).

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Complaint **[Doc. #1]** is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §1915(g).

IT IS FURTHER ORDERED that should Plaintiff wish to pursue the allegations contained in his complaint, he must submit payment of the $350.00 filing fee within 30 days from the date of this Order. Upon receipt of the filing fee, the Court will re-open the case and review the complaint

to determine whether it should be served or should be summarily dismissed under 28 U.S.C. § 1915A(b).


DATED: July 1, 2008                    s/Anna Diggs Taylor
                                       ANNA DIGGS TAYLOR
                                       UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing Order of Dismissal and Judgment was served upon Petitioner by First Class U.S. mail on July 1, 2008.

Dwight Andrews , #187553
Ionia Maximum Correctional Facility
1576 W. Bluewater Highway
Ionia, MI 48846

                                       s/Johnetta M. Curry-Williams
                                       Case Manager